# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN EDMUND SCHNEIDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF HINESVILLE, SUPERIOR ) <br> COURT OF LIBERTY COUNTY, and ) <br> F. BARRY WILKS, ) <br> ) <br> Defendants. ) | Case No. CV410-016 |

## **REPORT AND RECOMMENDATION**

John Edmund Schneider, who is currently incarcerated in Johnson State Prison in Wrightsville, Georgia, has filed a 42 U.S.C. § 1983 and § 1985 civil rights complaint against defendants for failing to aid him in moving a state conversion case forward. (Doc. 1.) The Court granted Schneider leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 9.)

The Prison Litigation Reform Act ("PLRA") requires federal courts

to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Here, Schneider states that he filed a complaint in state court on May 7, 2009 accusing Brenda Wiggins of conversion. (Doc. 1 at 2.) He alleges that the defendants conspired to shield Wiggins from suit by preventing service of process. (*Id.* at 2-4.) He asks for $500,000 and an injunction forcing the defendants to carry out their legal duties and process his claim. (*Id.* at 8.)

While he frames this as a civil rights suit, what Schneider actually seeks is a writ of mandamus from this Court directing the state court to

take action. "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *see also Moye v. Clerk, DeKalb County Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).[1] This Court, therefore, is without "authority to issue a writ of mandamus directing the state court" to take action. *Nabelek v. Collins*, 48 F. App'x 104, 104 (5th Cir. 2002).[2] Moreover, plaintiff has not pled sufficient facts to support his claim. While he alleges that the defendants' delay in responding to his complaint and subsequent requests violated his constitutional rights, he has not alleged any plausible, non-conclusory facts showing any "conspiracy" to deprive him of his rights. Such legal conclusions, though couched as factual allegations, are not entitled to be accepted as true. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). While pro se

---

[1] *Moye* is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

[2] While it is unclear from the complaint whether Schneider seeks appellate review of a prior state court dismissal of his claim (doc. 1 at 5-7), such a claim is barred by the *"Rooker-Feldman"* doctrine, which provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure. *Iqbal*, 129 S.Ct. at 1949-50. That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 196465). Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a nonconclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. Appx 835, 839 (11th Cir. 2006) (inmates conclusory allegations were insufficient to establish a medical malpractice claim).

4

"Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Here, Schneider has not offered non-conclusory factual averments that nudge his claim from merely possible to a plausible entitlement to relief. *Id.* at 1949-50.

For the reasons explained above, this case should be **DISMISSED** with prejudice for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this <u>28th</u> day of June, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA